OPINION
{¶ 1} Defendant-appellant Brandon Johnson appeals from an order revoking his community control sanction, and imposing a five-year sentence upon his original conviction for Felonious Assault with a Deadly Weapon. Johnson was charged by indictment with the offense, including at that time a firearm specification, in December, *Page 2 
2004. In April, 2005, Johnson pled guilty to Felonious Assault, and the firearm specification was dismissed. A community control sanction was imposed, with a sentence of five years to be imposed if Johnson were to violate the terms of the community control sanction.
 {¶ 2} In June, 2007, Johnson was served with a notice of a revocation hearing. As subsequently amended, the notice alleged that he violated Rule #1 by having been indicted for, and, by implication, having committed the offenses of, Improper Handling of a Firearm and Having Weapons While Under a Disability; that he violated Rule #2 by having possessed a deadly weapon or firearm; and that he violated Rule #6 by having failed to verify his medications.
 {¶ 3} A hearing was held on March 31, 2008. At the conclusion of the hearing, the trial court indicated that it considered Rule #6 to be badly written, and would not consider the allegation that Johnson had violated that rule. As to the Rule #1 and Rule #2 allegations, the trial court concluded by a preponderance of the evidence that Johnson had violated those rules, as alleged. The trial court revoked Johnson's community control sanction, and imposed a five-year sentence for the Felonious Assault conviction.
 {¶ 4} The evidence on the Rule #1 and Rule #2 violations, which involved a single incident, included the eyewitness testimony of two sisters, one of whom testified for the State, and one of whom testified for Johnson. The sister testifying for the State, Jessica Ryan, testified that while she, her two children, and her sister, Melinda Ryan, were in a car with Johnson, Johnson and Melinda Ryan got into an argument, Johnson got out of the car and retrieved an object from under the hood of the car, re-entered the *Page 3 
car, revealed the object to be a firearm, fired a shot in the direction of Melinda Ryan's feet, and threatened to shoot Melinda Ryan in the head if she were to leave the car. Jessica Ryan then exited the car with her children. A bullet hole was found in the floorboard of the car, in the general direction where Jessica Ryan said the gun had been fired.
 {¶ 5} Melinda Ryan originally told the police a version of events consistent with Jessica Ryan's testimony. At the time of the altercation, Melinda Ryan was engaged to Johnson, and they had one child together. By the time of the hearing, Melinda Ryan was married to Johnson. At the hearing, Melinda Ryan denied that anything untoward had happened between herself and Johnson in the car. She testified that there was an argument, but that it was between herself and Johnson, on one side, and Jessica Ryan on the other. She denied that any violence occurred, or that any weapon was involved.
 {¶ 6} Throughout the proceedings, the trial court indicated that the State bore the burden of proving the alleged violations by a preponderance of the evidence. At the conclusion of the hearing, the trial court indicated that it found Jessica Ryan's testimony to be far more credible than that of her sister, Melinda Ryan. We have reviewed the entire transcript of the proceedings, we have also reviewed the video of the testimony of the Ryan sisters, and we find it unremarkable that the trial court would find Jessica Ryan's testimony to be the more credible of the two sisters. The trial court found that the State had proven violations of Rule #1 and Rule #2 by a preponderance of the evidence.
 {¶ 7} Johnson appeals from the revocation of his community control sanction and the imposition of a five-year sentence. His appellate counsel has filed a brief under *Page 4 
the authority of Anders v. California (1967), 386 U.S. 738, reflecting that he could find no potential assignments of error having arguable merit. By entry filed herein on July 14, 2008, we afforded Johnson the opportunity to file his own, pro se brief. He has not done so.
 {¶ 8} In appellate counsel's brief, he identifies the following three issues that he considered before deciding that there are no potential assignments of error having arguable merit:
 {¶ 9} "1. Whether the Ohio Rules of Evidence apply in Probation Revocation Hearings.
 {¶ 10} "2. Whether the Preponderance of the Evidence is the proper standard of proof in Probation Revocation Hearings.
 {¶ 11} "3. Whether the use of Preponderance of the Evidence as the standard of proof in Criminal Probation Revocation Hearings denies equal protection of the law, under the United States of America Constitution, to criminal defendants as a group, as compared with the standard of Clear and Convincing for Revocation of Probation in lieu of license suspension for acupuncturists, physicians assistants, violators of Environment Protection Agency regulations, attorneys and judges."
 {¶ 12} With respect to Issue #1, counsel concedes, as he must, that Evid. R. 101(C)(3) specifically lists probation revocation hearings, the precursor to community control sanction revocation hearings, as excluded from the scope of the Ohio Rules of Evidence. We agree with counsel that this issue presents no basis for a potential assignment of error having arguable merit.
 {¶ 13} In reviewing the trial court's evidentiary rulings, we found nothing that *Page 5 
would give rise to a potential assignment of error having arguable merit. At one point, the trial court sustained an objection to a question put by Johnson to Jessica Ryan during cross-examination that arguably was material to her bias. It was intended to elicit testimony that a third Ryan sister had recently stabbed Johnson. We note that Johnson was allowed, over objection, to elicit testimony from Melinda Ryan, on direct examination, to the effect that Jessica Ryan did not like Johnson because of a dispute over money. This testimony had a more direct bearing upon the issue of Jessica Ryan's possible bias. We conclude that even if the trial court erred when it sustained the cross-examination question put to Jessica Ryan, and that is far from clear, that error could not even arguably be deemed to have been sufficiently prejudicial to merit reversal.
 {¶ 14} As to Issue #2, we agree with counsel that it has long been the case law that the State's burden of proof in revocation proceedings, whether of probation or of the community control sanctions that have replaced probation, is by the preponderance of the evidence. We agree, therefore, that this issue does not support any potential assignments of error having arguable merit.
 {¶ 15} Finally, as to Issue #3, Johnson's assigned counsel, while obviously intrigued with this Equal Protection argument, notes that it was not raised in the trial court, which had made it clear that it was going to apply a preponderance-of-the-evidence burden of proof. We agree with his conclusion that any claim of error along these lines has been forfeited.
 {¶ 16} We have independently reviewed the record, as required byAnders v. California, supra, and we find no potential assignments of error having arguable merit. Because we find this appeal to be wholly frivolous, the judgment of the trial court is *Page 6 
Affirmed.
BROGAN, J., and GRADY, J., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Carley J. Ingram
William A. Shira, III
Brandon Johnson
 Hon. Mary Katherine Huffman *Page 1